UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIELLE SMITH, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-CV-0777-CVE-PJC |
| ) | |
| STATE OF OKLAHOMA, *ex rel*. ) | |
| TULSA COUNTY DISTRICT ) | |
| ATTORNEY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is the Plaintiff's Motion to Reconsider (Dkt. # 108) and vacate the Order entered April 15, 2005, granting summary judgment in favor of defendant State of Oklahoma ex rel. Tulsa County District Attorney ("TCDA"). Plaintiff's challenge focuses on the Court's findings as to her claim for wrongful termination based on unlawful gender discrimination under 42 U.S.C. § 2000e et seq. (Title VII). As set forth more fully in the Order, defendant terminated plaintiff's employment as an investigator allegedly due to budget cuts combined with plaintiff's deficient performance. Plaintiff argued, in particular, that defendant treated six male comparators more favorably than her.

I.

A motion to reconsider filed within ten days of the district court judgment is considered under Fed. R. Civ. P. 59(e). Adams v. Reliance Std. Life Ins. Co., 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000); Hatfield v. Bd. of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir.1995). A Rule 59(e) motion to alter or amend the judgment should be granted only "'to correct manifest errors of law or to present newly discovered evidence.'" Adams, 225 F.3d at 1186 n. 5 (quoting Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir.1997)). Thus, motions for

reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

## II.

Plaintiff has not shown any of the grounds that might warrant a motion to reconsider, such as "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Id.; see Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir.1995). Plaintiff argues, essentially, that the Court made a "clear error of law in not resolving every factual dispute, and not drawing every reasonable inference in Plaintiff's favor as the non-moving party." Reply Br., Dkt. # 113, at 5. In particular, she argues that the Court's order is based on the holding that "plaintiff has not shown that she was performing satisfactorily" and that plaintiff failed to show that she was "treated less favorably than other employees in comparable situations." The Court made these statements as part of its analysis of whether plaintiff had made a prima facie case; however, in an abundance of caution, the Court also assumed plaintiff had made a prima facie case and analyzed whether plaintiff had shown that defendant's legitimate, non-discriminatory reasons for terminating her employment were pretextual.

In support of her argument that she had shown she was performing satisfactorily, plaintiff cites to her deposition testimony and to cases in which a court has held that a plaintiff's sworn but uncorroborated testimony is sufficient to establish one of the prongs of a prima facie case of discriminatory discharge. Plaintiff ignores the Court's acknowledgment of that authority in the

Order. See Order, Dkt. # 104, at 8.[1] Indeed, because of that authority, the Court continued its analysis and addressed the final prong of the prima facie test.

In that analysis, the Court found that plaintiff met the test if the final prong is that other investigators who were not members of her protected class remained as investigators after her discharge. The Court found that she had not met the test if the final prong is whether she was terminated under circumstances giving rise to an inference of discrimination because she did not establish that she was similarly situated to male investigators whom she claims were treated differently than her. The Court analyzed the situations of six male comparators. Plaintiff argues that, in so doing, the Court impermissibly weighed evidence in finding that plaintiff's supervisor repeatedly reprimanded and counseled Smith about her attitude and performance problems when she denied that he did. Smith's arguments ignore the fact that her employment was terminated as part of a budget cut -- no other comparator was terminated in that context.

In this regard, plaintiff asserts that the Court impermissibly weighed evidence in finding that "Smith's employment was terminated because her performance and attitude problems made her a prime candidate for termination as part of Defendant's decision to reduce personnel in response to budget cuts." In so doing, plaintiff mischaracterizes testimony by Tim Harris, the Tulsa County District Attorney. Harris did not testify that, even absent a budget crisis, he would have terminated plaintiff. He testified that, even in better budgetary times, plaintiff would not have been given an opportunity to correct her performance. Plaintiff was not laid off; she was discharged. Harris testified that her performance problems in the midst of a budget crisis led to her discharge.

---

[1] The Court finds well-taken defendant's point that, if unsubstantiated allegations are enough to survive summary judgment, analysis of the prima facie test is a meaningless exercise.

The law requires the Court to examine the facts as they appeared to Harris. See, e.g., Kendrick v. Penske Trasn. Servs., Inc., 220 F.3d 1220, 1231 (10th Cir. 2000). Its is not whether she believed she was performing satisfactorily; it is whether Harris had a good faith belief that her performance was not satisfactory enough to prevent termination during a budgetary shortfall. The Court is not permitted to second guess whether his reasons were wise, or fair, or correct. Selenke v. Medical Imaging of Colorado, 248 F.3d 1249, 1261 (10th Cir. 2001); Rivera v. City and County of Denver, 365 F.3d 912, 925 (10th Cir. 2004). Plaintiff's motion asks the Court to do so. Plaintiff's evidence does not raise a genuine issue of material fact as to Harris's good faith belief as to her performance in the midst of a budgetary crisis. Accordingly, plaintiff's argument that "[t]he Court impermissibly weighed evidence in finding that plaintiff had committed 'multiple infractions,' and in inferring that such infractions, if true, could not have been corrected ha[d] she been afforded the same opportunities as her male comparators" is not well-founded. Harris found that she had committed multiple infractions, and plaintiff presented no evidence on which the trier of fact could reasonably find that his beliefs were not honestly held.

Thus, not only did plaintiff fail to make a prima facie case of gender discrimination, but also she failed to show that her employer's legitimate, non-discriminatory reasons for terminating her employment were pretextual. For these reasons, Plaintiff's Motion to Reconsider (Dkt. # 108) is hereby **DENIED**.

**DATED** this 7th day of July, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT